FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 2 2006

JAMES N. HATTEN, CLERK
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY J. JENKINS,

       Plaintiff,

v.

WHOLESALE ALLEY, INC.,

       Defendant.

CIVIL ACTION NO.
1:05-CV-3266-JEC

## ORDER & OPINION

This case is presently before the Court on Defendant's Motion to Strike Plaintiff's Amended Complaint [10]; Plaintiff's Motion for Leave to Amend Complaint [17]; Plaintiff Anthony Jenkins' Motion to Compel [23]; Plaintiff's Request for Court Order to Compel Attendance of Witnesses at Deposition and Motion for Sanctions [29]; Plaintiff's Second Motion to Amend Complaint [38]; plaintiff's Third Motion to Amend Complaint [49]; Plaintiff's Motion for Partial Summary Judgment [41]; Plaintiff's second Motion for Partial Summary Judgment [58]; Defendant's Motion for Summary Judgment [64]; Plaintiff's Motions for Partial Summary Judgment [69,70,71]; Plaintiff's Motion to Compel Discovery Request [35]; Plaintiff's Second Motion to Compel Discovery Request [53]; Plaintiff's Motion for Emergency Temporary Restraining Order [75]; and Plaintiff's Motion for Stay of Execution of State

Court Judgment [77].  The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Defendant's Motion to Strike Plaintiff's Amended Complaint [10] should be **DENIED**; Plaintiff's Motion for Leave to Amend Complaint [17] should be **DENIED without prejudice to plaintiff's refiling within twenty (20) days**; Plaintiff Anthony Jenkins' Motion to Compel [23] should be **DENIED as moot**; Plaintiff's Request for Court Order to Compel Attendance of Witnesses at Deposition and Motion for Sanctions [29] should be **DENIED**; Plaintiff's Second Motion to Amend Complaint [38] should be **Granted in part and DENIED in part**; Plaintiff's Third Motion to Amend Complaint [49] should be **DENIED**; Plaintiff's Motion to Compel Discovery Request [35] should be **GRANTED in part and DENIED in part**; Plaintiff's Second Motion to Compel Discovery Request [53] should be **DENIED**; Plaintiff's Motion for Emergency Temporary Restraining Order [75] should be **DENIED**; AND Plaintiff's Motion for Stay of Execution of State Court Judgment [77] should be **DENIED**.

### BACKGROUND

In this action, *pro-se* plaintiff Anthony J. Jenkins alleges that defendant Wholesale Alley, Inc. violated the American with Disabilities Act ("ADA"), 29 U.S.C. § 701 *et. seq.*, and the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, by discriminating

2

against plaintiff, respectively, because of his disability and race. (Complaint ("Compl.") [1] at 1-4.)   Defendant is a commercial facility wholesale market located in Lexington, North Carolina. (Def.'s Answer, Affirmative Defenses and Counterclaims ("Answer") [2] at 8.)   Vendors lease booths at defendant's facility for the purpose of selling their wares to other business entities. (*Id.*)   In turn, "Member-Customers" pay defendant an annual membership fee for the right to enter defendant's grounds to purchase the market's offerings. (*Id.*)

In August of 1999, via his business entity J-World, Inc., ("J-World") plaintiff entered into an agreement with defendant to lease an exhibitor booth at Wholesale Alley.   This agreement was renewed on November 26, 2001. (*Id.*)   According to defendant, in December of 2005, plaintiff became two months behind in his booth rental. (*Id.* at 9.)   In response, defendant locked the booth and provided plaintiff notice that, pursuant to the lease agreement and defendant's policies, the premises would be reopened upon payment in full of all late rent. (*Id.*)   Thereafter, on December 19, 2005, plaintiff tendered a check for the full amount owed, at which time defendant says it unlocked the booth, allowing plaintiff access to the contents therein. (*Id.*)   That same day, according to defendant, plaintiff gave notice that he was terminating his lease agreement and withdrawing his products from the booth. (*Id.*)   When defendant tendered

AO 72A
(Rev.8/82)

plaintiff's check for payment, defendant was informed that a stop payment order had been made on the check.   Defendant claims that plaintiff still owes defendant two months rent. (*Id.*)  Less than one week later, plaintiff filed the present action. (Compl. at 1.)

In his original Complaint, as stated *supra*, plaintiff alleged that he had been discriminated and retaliated against in violation of the ADA and the Civil Rights Act of 1964. (Compl. at 1-4.)  Plaintiff also alleged unsafe working conditions. (*Id.* at 4.)  Later, on February 23, 2006, plaintiff filed an amended complaint in which, in addition to reiterating all of his original claims, plaintiff asserted a claim for negligence. (Compl. (Amended) ("Am. Compl.") [7] at 4.)   Though defendant's answer had already been filed, plaintiff did not seek leave to amend his Complaint.  Accordingly, on February 28, 2006, defendant filed a motion to strike plaintiff's Amended Complaint. (Def.'s Mot. to Strike Pl.'s Am. Compl. ("Strike") [10] at 1.)

On March 3, 2006, the Court wrote to plaintiff to indicate that plaintiff's Amended Complaint had been received, but, because plaintiff had filed his motion after defendant had filed its answer, plaintiff would need to either obtain opposing counsel's consent to the amendment or, alternatively, file a motion to amend his Complaint. (Letter dated 3/3/06 ("Ct. Letter") [13] at 1.)   In its correspondence, the Court directed plaintiff to submit either a

4

Proposed Consent Order or Motion to Amend by March 17, 2006. (*Id.*)
As directed, on March 6, 2006, plaintiff filed his motion for leave
to amend his original Complaint to include an additional count for
negligence. (Pl.'s Mot. for Leave to Amend Compl. ("Leave to Amend")
[17] at 1.)

Plaintiff filed two additional motions to amend his Complaint.
On May 30, 2006, plaintiff filed his Second Motion for Leave, in
which he attempted to add a claim of "abusive litigation," to revise
certain factual allegations, and to increase the amount of damages
sought. (Pl.'s Second Mot. for Leave to Amend Complaint "Second Mot.
to Amend" [38].)   Plaintiff also added a claim in his Amended
Complaint for intentional infliction of emotional distress, which his
Motion to Amend did not address. (*Id.* at Ex. 2.)

On June 20, 2006 plaintiff filed a Third Motion to Amend, which
sought to add counts for intentional infliction of emotional distress
(previously addressed in plaintiff's proposed Second Amended
Complaint), abusive litigation (also set forth in plaintiff's
proposed Second Amended Complaint), and a second count of negligence
(specifically, a count for negligent violation of the ADA). (Pl.'s
Third Mot. for Leave to Amend Compl. "Third Mot. to Amend" [49].)
Plaintiff also filed two additional Motions to Compel Discovery.
("Pl.'s First Mot. to Compel Disc." [35] and "Pl's Second Mot. to
Compel Disc." [53].)  Most recently, plaintiff filed a Motion for an

AO 72A
(Rev.8/82)

Emergency Temporary Restraining Order ("Mot. for Emergency TRO"[75])
and for Stay of Execution of State Court Judgment ("Petition to
Stay"[77].)

This case is now before the Court on numerous discovery motions,
each of which the Court deals with below.

### DISCUSSION

### I.   Plaintiff's First Amended Complaint

Defendant's motion to strike [10] and plaintiff's first motion
to amend [17] concern the same issues of law and fact.   Indeed, in
support of its motion to strike and in opposition to plaintiff's
motion to amend, defendant proffers the same arguments. The Court
considers these two motions together.

FED. R. CIV. P. 15(a) provides that, "[a] party may amend the
party's pleading once as a matter of course at any time before a
responsive pleading is served . . . Otherwise a party may amend the
party's pleading only by leave of court or by written consent of the
adverse party; and leave shall be freely given when justice so
requires." Defendant opposes plaintiff's motion for leave to amend,
and asks that plaintiff's Amended Complaint be struck, on the grounds
that such amendment lacks merit, fails to state a claim upon which
relief can be granted, and alleges facts that, if viable, would set
forth a claim belonging to a non-party to this lawsuit. (Def.'s Mem.
of Law in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Opp'n to

6

Am. Compl.") [22] at 1-2.)   In response, plaintiff asserts that his

claim has merit and supports a cause of action that belongs to

plaintiff, not a non-party. (Pl.'s Mem. of Law in Supp. of Pl.'s Mot.

for Leave to Am. Compl. ("Mot. Am. Compl.") [17] at 1.)

In relevant part, the negligence claim plaintiff seeks to add to

his Complaint provides:

> The Defendant was negligent due to failure to repair the
> Plaintiff booth in a lease agreement. The Defendant had a
> duty to provide the Plaintiff with a safe booth.   The
> Defendant breached that duty by not making timely and
> sufficient repairs to the Plaintiff's roof.  This breach of
> duty caused the Plaintiff to suffer actual financial
> damages, such as damaged clothing due to the leaking roof;
> damaged stereo due to the leaking roof, inability to
> utilize entire booth space due to the leaking roof,
> inability to utilize entire booth space due to wood pole
> placed in the booth, which reduced the total operational
> space of the Plaintiff.

Defendant argues that plaintiff's assertion that defendant "was

negligent due to failure to repair the Plaintiff booth in a lease

agreement" establishes that any claim for negligence and any duty to

repair that may have been breached belongs to plaintiff's corporate

entity, J-World, which was the signatory to the booth lease

agreement, and not to plaintiff as an individual. (Strike at 2-3.)

Defendant points the Court to a "Rent Agreement" signed between

"Wholesale Alley, Inc." and "J-World" as support for its argument.

(See Rent Agreement, attach. as Ex. A to Strike.)   Defendant argues

that it would be prejudiced if plaintiff were allowed to pursue the

7

negligence claim that rightfully belongs to J-World because, as J-World is not a party to this action, defendant has not pursued the counterclaim against J-World that defendant would have filed had J-World been a party. (*Id.*)

Plaintiff's response is that he should be allowed to pursue his negligence claim because, "[p]laintiff alleges that it was 'his' personal merchandise which was damaged due to Defendant failure to make repairs; and it was 'his' inability to use the booth whenever it rained, which led to 'his' lost income." (Mot. to Am. Compl. at 3.) Plaintiff then goes on to argue:

> The only corporate entity referenced in the [Rent Agreement] is Wholesale Alley, Inc. It does not refer to J-World, Inc., but instead it refers to J-World. The Rental Agreement . . . is between Wholesale Alley, Inc. and Anthony J. Jenkins d/b/a J-World. This informal Rental Agreement was written in 2001 and was replaced by other Rental Agreements . . . The corporate entity, J-World, Inc., was administratively dissolved in 2002. Therefore, J-World, Inc. has no legal standing and cannot legally be considered a 'person' as defined by O.C.G.A. 1--3-3 (14). Due to the fact that J-World, Inc. was administratively dissolved in 2002, the Plaintiff, Anthony J. Jenkins, is the only party of any legal standing who can legally pursue this negligence claim against the Defendant, and all actions brought against J-World Apparel should be brought against the Plaintiff.

(*Id.*)

The federal rules provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).   Still, "a motion to amend may be denied on 'numerous grounds, such as undue

8

delay, undue prejudice to the defendants, and futility of the amendment.'" *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004)(internal citation and quotation omitted).  In this case, though not filed with the proper leave, plaintiff filed his amended complaint just two months after filing his original Complaint.  Plaintiff's request for leave to amend was subsequently filed less than three months after plaintiff filed his original Complaint, and well before the end of the four month discovery period in this case.  These facts do not provide evidence of undue delay. Neither is defendant unduly prejudiced by the addition of the negligence claim; indeed, one of defendant's arguments in support of its motion to strike is that plaintiff already raised the negligence claim in his original Complaint.  Defendant specifically argues:

> Plaintiff's original Complaint includes a claim entitled 'Unsafe Working Conditions.' Notwithstanding the fact that such a claim in and of itself does not specifically identify any particular cause of action or theory of law, the facts alleged therein are essentially the same as those set forth in Plaintiff's new 'negligence' claim.  If such facts form the basis for a valid cause of action, which Defendant denies that they do, Plaintiff has already raised such allegations in the original Complaint and Plaintiff's Amended Complaint would be duplicative and unnecessary.

(Strike at 3.)  In other words, the "new" negligence claim is no surprise to defendant.  Plaintiff's Amended Complaint merely makes explicit what was previously only implied.

9

To prevent such prejudice, while at the same time preserving scarce judicial resources by avoiding a separate action by or against the now defunct J-World, the Court will grant plaintiff **twenty (20) days** to file a Final Amended Complaint that adds J-World as a party. Once J-World is added, the Court will permit the plaintiff to amend his complaint to add a claim of negligence.

## II.   Plaintiff's Motion to Compel Witness

Plaintiff's first motion to compel, filed March 17, 2006, is a motion to compel a Rule 30(b)(6) deposition of defendant's designated representative noticed for March 30, 2006. (Pl. Anthony Jenkins' Mot. to Compel ("Mot. to Compel Witness" [23] at 1.)   In its March 28, 2006 response to plaintiff's motion, defendant indicated that it fully intended to produce a witness for the noticed deposition and had never represented to plaintiff that defendant would not produce a witness as scheduled. (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Compel ("Opp'n to Mot. to Compel Witness") [25] at 3.)   As it turns out, the deposition took place as noticed.   Accordingly, the Court **DENIES as moot** Plaintiff Anthony Jenkins' Motion to Compel [23].

Pursuant to FED. R. CIV. P. 37(a)(4)(B), defendant asks the Court to award reasonable expenses, including attorney's fees, incurred in opposing plaintiff's, "premature, frivolous, and unnecessary,"

motion.[1] (Opp'n to Mot. to Compel Witness at 3-4.)  The Court agrees with defendant that plaintiff's motion to compel and for sanctions is without merit for the following reasons: (1) defendant offered on a number of occasions to coordinate discovery with plaintiff; (2) defendant had been in communication prior to plaintiff's Notice of Deposition for March 30, 2006, concerning discovery scheduling, and specifically informed plaintiff that said date would not be a convenient date for a deposition; (3) defendant provided plaintiff with alternative dates during which the parties could conduct a block of depositions as had been previously discussed; and (4) defendant, in fact, produced a representative for the noticed deposition on March 30, 2006. ("Opp'n to Mot. to Compel Witness" [25] at 1-3; Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Compel and for Sanctions "Opp'n to Mot. to Compel and for Sanctions" [31] at 3.)  The facts suggest that plaintiff's motion is meritless and that plaintiff further violated local rules by not conferring with defendant first. However, in deference to plaintiff's *pro se* status on this early

---

[1]    FED. R. CIV. P. 37(a)(4)(B) provides that, "[i]f the motion [for order compelling disclosure or discovery] is denied, the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."

AO 72A
(Rev.8/82)

motion, the Court will deny defendant's request for attorney's fees. The Court cautions plaintiff, however, that should he file such frivolous motions in the future, which motions tax the resources of both this Court and the defendant, the Court will assess costs and fees against him.

## III. Plaintiff's Motion to Compel and for Sanctions

Plaintiff contends that during the March 30, 2006 deposition of defendant's Rule 30(b)(6) representative, defense counsel wrongfully "disrupted the deposition by continuously engaging in improper objections; improperly instructing the deponent not to answer questions; and improperly coaching the deponent by making 'speaking objections.'" (Request for Ct. Order to Compel Attendance of Witness at Deposition and Mot. for Sanctions "Mot. to Compel Witness and for Sanctions" [29] at 2.)  To compensate for what occurred during the March 30th deposition, plaintiff asks the Court to compel an additional deposition of defendant's representative. (*Id.* at 1.) Plaintiff further requests that the Court impose sanctions against both defense counsel and defendant for willfully violating FED. R. CIV. P. 30(c) and FED. R. CIV. P. 30(d)(1). (*Id.*)

In response, defense counsel asserts that he did not improperly object or otherwise instruct the deponent not to answer questions; but, instead, instructed the witness not to answer only when plaintiff's line of questioning drifted far afield of the eight

12

issues identified in plaintiff's notice of deposition. ("Opp'n to Mot. to Compel and for Sanctions" [31] at 4.)   Defense counsel further maintains that, during the course of the deposition, plaintiff became "extremely loud, aggressive, and verbally threatening toward the witness." (*Id.*)   Defense counsel says plaintiff asked the deponent, who appeared merely as a corporate representative, questions such as "Are you a member of the KKK?" and "Are you a racist?" (*Id.*)   Defense counsel says he made only simple objections to the form of questions or to ask plaintiff to clarify his questions. (*Id.* at 5.)

According to defense counsel's version of events, it is plaintiff who announced that he would be suspending the deposition only to resume it later at another location. (*Id.*)   Though plaintiff returned ten to fifteen minutes after terminating the deposition to announce that he wished to resume, defense counsel says that, by that time, the witness was concerned for what physical actions plaintiff might take and that he was not in a strong enough emotional state to continue the deposition, given the plaintiff's earlier abusive conduct. (*Id.*)   Defense counsel argues that the Court should sanction neither he nor defendant because it was plaintiff's actions that led to the disruption and suspension of the deposition at issue. (*Id.* at 8.)

13

In support of its motion to compel and for sanctions, plaintiff has not provided the Court with a copy of the transcript of the deposition in question.  Without the benefit of a transcript, the Court concludes that plaintiff has not shown, as a factual matter, that the events occurred as described by him.  Accordingly, the Court **DENIES** plaintiff's Motion to Compel Witness and for Sanctions [29].

**IV. Plaintiff's First Motion to Compel Discovery Requests**

On March 6, 2006, plaintiff served defendant with his first set of written discovery requests, including plaintiff's First Request for Production of Documents ("First Req. for Documents"; Certificate of Service for First Req. for Documents [16].)  Defendant provided plaintiff with responses to said document requests, as well as twenty-one pages of documents allegedly responsive to plaintiff's requests on April 10, 2006.  ("Opp'n To Pl.'s First Mot. to Compel Disc.") [40-1] at 2-3.)  Defendant's and plaintiff's counsel then corresponded as to whether or not defendant's responses required supplementation.  (*Id.* at 3.)

Plaintiff specifically filed a motion to compel responses to Numbers Thirty-one and Nineteen of plaintiff's First Request for Documents.  ("Pl.'s First Mot. to Compel Disc." [35].)  Request nineteen reads as follows: "Any and all documents that evidence or relates or refers to maintenance, construction, improvements, repairs, and/or renovations made to any booth or rental space at

14

Wholesale Alley from August 1999 until present." (Opp'n to Pl.'s First Mot. to Compel Disc. [40] at 2-3.) Defendant informed plaintiff in its Response to Request No. 19, and in an April 13th letter sent to plaintiff's counsel, that this request was overbroad and not reasonably calculated to lead to the discovery of admissible evidence. (*Id.* at 5 and April 13, 2006 Letter attach. as Ex. 2 attach. to Opp'n to Pl.'s First Mot. to Compel Disc.) Plaintiff, on the other hand, contends that this request seeks information which may demonstrate the "habit or routine practice" of defendant." (*Id.*) The Court agrees with plaintiff and concludes that records regarding defendant's repairs and conditions of other individual's booths could arguably support plaintiff's claim that defendant treated him differently for racial reasons. Accordingly the Court **GRANTS** plaintiff's Motion to Compel as to Request Number Nineteen.

Plaintiff also seeks to compel a response to Document Request No. 31 which requests "[e]ach and every Document that constitutes, evidences, refers, or relates to any and all membership applications, membership fees, and corporate tax identification numbers of any and all member-customers of Wholesale Alley, Inc. From November 26, 2001 until February 27, 2006." (Pl.'s First Mot. to Compel Disc. at 7.) Plaintiff has not demonstrated the relevancy of this request. Though plaintiff attempts to argue that he is entitled to information demonstrating that defendant is not a private entity, this request

15

will not provide plaintiff with the evidence sought or information relevant to any of plaintiff's causes of action.   Furthermore, defendant's argument that disclosing this information would greatly, and unnecessarily, compromise the privacy of other vendors has merit. To the extent that plaintiff's cause(s) of action require him to demonstrate that plaintiff rented out booths to other vendors, this fact does not appear to be controverted by defendant, and can be established in other, less intrusive ways.

## V.   Plaintiff's Second Motion to Amend Complaint

In his second Proposed Amended Complaint, plaintiff seeks to add a claim for intentional infliction of emotional distress and "abusive litigation." ("Pl.'s Second Mot. to Amend" [38].)[2] Once a responsive pleading is served, generally a party may only amend the party's initial pleading by leave of court or with written consent from the opposing party.   FED. R. CIV. P. 15(a).   The Supreme Court further explained that leave of court should not be "freely given" where, *inter alia*, there is evidence of undue delay, undue prejudice to the opposing party, or if such an amendment would be futile.   *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Carruthers v. BSA Advertising,*

---

[2] Plaintiff's Second Motion to Amend Complaint does not address plaintiff's proposed addition of a cause of action for intentional infliction of emotional distress; however, because the proposed amended complaint seeks to add this cause of action, the Court will address plaintiff's proposed amendment as if raised in the motion. *See also supra* ftn. 4.

16

*Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004).

Plaintiff offers no explanation as to why the Court should add his proposed claim for intentional infliction of emotional distress.

Furthermore, plaintiff does not offer any justification for his failure to include this claim in his original Complaint or his First Amended Complaint. Plaintiff was not apprised of new information during the course of discovery that would have triggered this new cause of action; rather, plaintiff was aware of all facts necessary to assert this claim in his original Complaint. Nevertheless, plaintiff did not seek to add this claim until six months after he filed the lawsuit. This tardiness constitutes undue delay.

Furthermore, allowing plaintiff to add this claim at this point in time--only one month prior to the close of discovery--would unduly prejudice defendant. Defendant should not have to engage in additional discovery--such as what, if any, physical ailments plaintiff suffered--to determine the validity of plaintiff's claim for intentional infliction of emotional distress. Accordingly, the Court **DENIES** plaintiff's motion to add a claim for intentional infliction of emotional distress.

Likewise, plaintiff's proposed amendment to add a claim for abusive litigation is denied as futile. *Id.* The Court finds merit in each of defendant's counterclaims. Therefore, the Court concludes that plaintiff's abusive litigation claim is frivolous, and the Court

17

denies the motion to amend to add this claim as futile.

Finally, the Court will allow plaintiff to revise his prayer for relief to increase the damages sought and to add a prayer for equitable relief that he "be allowed to reopen his business at Wholesale Alley". ("Pl.'s Proposed Second Amended Compl." [38].) Defendant is not unduly prejudiced by such an addition. In fact, defendant argued that plaintiff's original Complaint already included this request because plaintiff requested "such other relief as this Court may deem proper." ("Opp'n to Pl.'s Proposed Second Amended Compl." [46] at 6.) Additionally, defendant will not incur any additional expenses and/or be required to conduct any additional discovery if plaintiff is permitted to amend his prayer for relief. The Court, therefore, **GRANTS** plaintiff's motion to amend his prayer for relief.

## VI. Plaintiff's Third Motion to Amend Complaint

On June 20, 2006, just six days before the close of discovery, plaintiff filed a Third Motion for Leave to File an Amended Complaint. ("Pl.'s Third Mot. to Amend Compl." [49].) This Motion seeks to add a claim for intentional infliction of emotional distress (previously addressed in plaintiff's proposed Second Amended Complaint), abusive litigation (previously set forth in plaintiff's proposed Second Amended Complaint), an amendment of his prayer for relief (as set forth in plaintiff's Second Amended Complaint), and a

18

second count of negligence for negligent violation of the ADA. (*Id.*)
As to plaintiff's attempt to add claims for intentional infliction of
emotional distress and abusive litigation, the Court has ruled that
such amendments shall be denied.  As to plaintiff's claim to amend
his prayer for relief, the Court has granted plaintiff's request.
The Court now holds that plaintiff's proposed amendment to add a
second count of negligence shall be denied as it was filed days
before the end of discovery.  Absent good cause, which plaintiff has
not demonstrated, the Court will not grant a motion to amend a
complaint at this stage of the litigation.[3]

Furthermore, there is no indication that the Georgia courts
would recognize a private cause of action under state law for
individuals harmed by a violation of the ADA.  Plaintiff relies on
*Smith v. Wal-Mart Stores Inc.*, 167 F. 3d 286 (6th Cir. 1999), to
support his argument that Georgia recognizes a cause of action for
negligent violation of the ADA.  However, in *Wal-Mart*, the Sixth
Circuit addressed provisions of the ADA pertaining to barriers and
accessibility, which do not provide for a private cause of action
pursuant to the ADA.  *Id.* at 292-293.  The provisions of the ADA at

---

[3]  Likewise, it was not until this date that plaintiff formally
filed a motion to amend his complaint to add a claim of intentional
infliction of emotional distress.  Thus, the Court will deny
plaintiff's motion to add a claim for intentional infliction of
emotional distress on this ground as well.

issue in the present action provide a private cause of action.  Thus, there is no reason to create a cause of action for negligent violation of the ADA pursuant to state law.

Furthermore, a Georgia court has held that "While the Sixth Circuit opines in *Smith* that the Supreme Court of Georgia would conclude that Smith had a private cause of action against Wal-Mart under Georgia law for its failure to implement ADA-mandated requirements designed for the protection of disabled persons, such a conclusion is not binding on Georgia courts, *Russell v. Parkford Mgmt. Co.,* 235 Ga.App. 81, 508 S.E.2d 454 (1998), and there is no Georgia authority recognizing such a private cause of action." *Val D'Aosta Co. v. Cross,* 241 Ga. App. 583, 586 (Ga. App. 1999).  Thus, the Court holds that addition of this cause of action is futile.  As such, the Court **DENIES** plaintiff's Third Motion to Amend.

## VII. Plaintiff's Second Motion to Compel Discovery Requests

In March 2006, plaintiff served defendant with his First Request for Entry Upon Land for Inspection seeking entry to defendant's property for inspection on March 13, 2006 and March 16, 2006.  (Pl.'s Request for Entry Upon Land and for Inspection attach. as Ex. 1 to "Opp'n. to Pl.'s Second Motion to Compel Disc." [61-1].)  Plaintiff filed a follow-up Second Request for Entry Upon Land and for Inspection seeking entry onto defendant's property for inspection on

20

April 17, 2006 and April 18, 2006.  (*Id.* at Ex. 2.)  Defendant objected to these requests on April 13, 2006, contending that plaintiff provided "unreasonably short notice", and presented two alternative dates during which plaintiff could inspect defendant's property.  (*Id.* at Ex. 3.)  Both sides reached an agreement that plaintiff could conduct an inspection on April 24, 2006 from 7:30 a.m to 11:00 a.m. subject to certain restrictions agreed upon by the parties.  (*Id.* at Ex. 5.)  Plaintiff failed to conduct the inspection during this time.

Following this incident, plaintiff repeatedly requested to inspect defendant's property, and defendant repeatedly offered to accommodate plaintiff's requests.  (*Id.* at Exs. 1-7.)  However, plaintiff failed to appear and/or cancelled his appointments ahead of time on numerous occasions.  (*Id.* at Exs. 4-7.)  Despite defendant's attempts to resolve this amicably, plaintiff filed a motion to compel inspection of defendant's property, during business hours and to "videotape the customers relative to the booth."  ("Pl.'s Second Mot. to Compel Disc." [53] at 5.)  For the aforementioned reasons, and the fact that this motion falls outside of the close of discovery, which ended on June 26, 2006 ("Scheduling Order" [20]), the Court **DENIES** plaintiff's Motion for Entry Upon Land and for Inspection.

In his Second Motion to Compel Discovery, plaintiff requested

21

that the Court order defendant to respond to Document Request No. 2, which reads: "The February, March, April, May and June 2005 cellular phone records of Wholesale Alley's manager Nathan Beard.  The phone number is 336-479-6312."  (Opp'n to Pl.'s Second Mot. to Compel Disc. [61-1] at 6.)   As with plaintiff's motion to enter and inspect defendant's property, this request falls outside of the discovery cut-off.

Furthermore, plaintiff's request seeks records of Mr. Beard's personal cell phone calls, as well as other business calls for the entire time period at issue.  Provision of such documents would constitute an unnecessary invasion into Mr. Beard's privacy.  To the extent that plaintiff wishes to seek Mr. Beard's telephone records in order to establish the date and time of a purported dispute with Golden Eye Trading, plaintiff can obtain such information through a less intrusive method.  The Court, therefore, **DENIES** plaintiff's request to compel documents related to Document Request No. 2.

## VIII. Motions for Summary and/or Partial Summary Judgment

The Court **DENIES without prejudice** all pending motions for summary judgment [41], [58], [64], [69], [70], and [71].  The parties may file a motion for summary judgment within **sixty (60) days of this Order**.  In all future filings, plaintiff may file only one (1) motion for summary judgment or partial summary judgment.

22

AO 72A
(Rev.8/82)

**IX.  Plaintiff's Motion for Restraining Order and Petition to Stay Execution of State Court Judgment**

Plaintiff seeks an Emergency TRO in the present case against Halpern Enterprises, Inc., ("Halpern") ("Mot. for Emergency TRO" [75].)  According to plaintiff, Halpern is the landlord for the space leased by plaintiff's business, J. World.  (*Id.* at 1.)  Plaintiff also filed a Petition to Stay Execution of State Court Judgment seeking to stay a judgment issued by the State Court of Dekalb County, Georgia against J-World. (Petition to Stay [77].)  Neither Halpern nor J. World are parties to this action.  The Court will not issue an Order for an Emergency TRO or Stay the State Court Judgment as to these two entities, as they have no standing or relationship to the present action.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Strike Plaintiff's Amended Complaint [10]; **DENIES, without prejudice to plaintiff's refiling within twenty (20) days,** plaintiff's Motion for Leave to Amend Complaint; the Amended Complaint must comply with this Court's Order regarding its rulings on plaintiff's three motions to Amend Complaint [17]; **DENIES as moot** Plaintiff Anthony Jenkins' Motion to Compel [23]; **DENIES** plaintiff's Request for Court Order to Compel Attendance of Witnesses at Deposition and Motion for Sanctions [29]; **GRANTS in part and Denies**

23

**in part** plaintiff's Second Motion to Amend Complaint [38]; **DENIES** plaintiff's Third Motion to Amend Complaint [49]; GRANTS **in part and Denies in part** plaintiff's Motion to Compel Discovery Request [35]; **DENIES** plaintiff's Second Motion to Compel Discovery [53]; **DENIES** plaintiff's Motion for Emergency Temporary Restraining Order [75]; **DENIES** plaintiff's Motion for Stay of Execution of State Court Judgment [77]; AND **DENIES without prejudice** all pending motions for summary judgment [41], [58], [64], [69], [70], and [71].

The parties may file a motion for summary judgment within **sixty (60) days of this Order**.  In all future filings, plaintiff may file only one (1) motion for summary judgment or partial summary judgment. The plaintiff may file a Final Amended Complaint adding J-World as a party within **twenty (20) days of this Order**.

SO ORDERED, this _22_ day of September, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

24