FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 22 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTHONY J. JENKINS,

      Plaintiff,

v.

WHOLESALE ALLEY, INC.,

      Defendant.

CIVIL ACTION NO.
1:05-CV-3266-JEC

## ORDER & OPINION

This case is presently before the Court on plaintiff's Final Motion for Leave to Amend Complaint [81-1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Final Motion for Leave to Amend Complaint [81-1] should be **GRANTED** in part **and DENIED** in part.

### Background

Plaintiff, Anthony J. Jenkins ("plaintiff" "Jenkins"), filed a Complaint in the United States District Court for the Northern District of Georgia, on December 23, 2005, alleging violations of Title III of the Americans with Disabilities Act of 1990 ("ADA") and the Civil Rights Act of 1964, harassment, unsafe working conditions and discrimination. ("Original Compl." [1].) On February 23, 2006, plaintiff filed an Amended Complaint seeking to add a claim for negligence. ("First Am. Compl." [7].) On or about February 28, 2006

defendant filed a Motion to Strike plaintiff's Amended Complaint for failure to seek leave of the Court prior to filing his Amended Complaint, and because plaintiff failed to state a claim upon which relief could be granted. ("Mot. to Strike" [10].) Thereupon, on March 6, 2006 plaintiff filed a Motion for Leave to Amend Complaint. ("First Motion for Leave" [17].) Plaintiff attached an Amended Complaint similar in all respects to the Amended Complaint filed by plaintiff on February 23, 2006 to his First Motion for Leave. Defendant filed a Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File Amended Complaint. ("Def.'s Opp'n to First Motion for Leave" [22].)

Then on May 30, 2006, plaintiff filed a Second Motion for Leave to Amend Complaint. ("Second Motion for Leave" [38].) Plaintiff attached a proposed Second Amended Complaint to this Motion. ("Proposed Second Am. Compl." [38-2].) The Proposed Second Amended Complaint sought to add a claim for "abusive litigation" and intentional infliction of emotional distress, revised certain factual allegations, increased the amount of damages sought and added a prayer for equitable relief. ("Proposed Second Am. Compl." [38-2].) Plaintiff's Second Motion for Leave addressed plaintiff's abusive litigation claim, but not his intentional infliction of emotional distress claim. Defendant filed a Memorandum of Law in Opposition to plaintiff's Second Motion for Leave to File Amended Complaint as well

as a Supplemental Memorandum of Law in Opposition to plaintiff's Second Motion for Leave to File Amended Complaint. ("Def.'s Opp'n to Second Motion for Leave [46]; Def.'s Supp. Opp'n to Second Motion for Leave [47].)

Plaintiff filed a Third Motion for Leave to Amend Complaint on June 20, 2006 seeking to add a claim for intentional infliction of emotional distress (previously set forth in plaintiff's Second Amended Complaint), abusive litigation (previously set forth in plaintiff's Second Amended Complaint), and a second count of negligence for negligent violation of the ADA. ("Third Motion for Leave" [49].) Defendant filed its Opposition to plaintiff's Third Motion for Leave on June 28, 2006. ("Def.'s Opp'n to Third Motion for Leave" [51].)

On September 22, 2006 the Court issued an Order & Opinion regarding, *inter alia*, plaintiff's three motions for leave to amend complaint. ("September 22, 2006 Order" [80].) The Court denied plaintiff's First Motion for Leave without prejudice and specifically directed plaintiff to file a Final Amended Complaint within twenty (20) days adding J-World as a party, and permitting plaintiff to add a claim for negligence once plaintiff added J-World as a party. (*Id.* at 2, 10, 23.) The Court also permitted plaintiff to amend his prayer for relief to increase the damages sought and to add a prayer for equitable relief that plaintiff "be allowed to reopen his business at Wholesale Alley." (*Id.*) The Court denied plaintiff's request to

3

amend his Complaint to add claims of intentional infliction of emotional distress and abusive litigation. (*Id.* at 2, 18-20, 23.) The Court also denied plaintiff's Third Motion for Leave, and ruled that "the Amended Complaint must comply with this Court's Order regarding its rulings on plaintiff's three motions." (*Id.* at 20, 23.) On October 10, 2006, plaintiff filed his Final Motion for Leave to Amend Complaint ("Final Motion for Leave" [81-1]) and attached a Proposed Final Amended Complaint. ("Proposed Final Am. Compl." [81-2].) Defendant objected to plaintiff's Proposed Final Amended Complaint arguing that it exceeded the scope of the Court's September 22, 2006 Order. ("Opp'n to Final Motion for Leave" [84-1].) Plaintiff filed his response to defendant's opposition on October 30, 2006. ("Response to Opp'n to Final Motion for Leave" [89-1].) The Court now addresses plaintiff's Final Motion for Leave.

## **DISCUSSION**

Defendant makes numerous objections to plaintiff's Proposed Final Amended Complaint. Specifically, defendant argues that the Proposed Final Amended Complaint contains previously unasserted jurisdictional claims, factual allegations and a claim for emotional damages. ("Opp'n to Final Motion for Leave" [84-1] at 6.) Though plaintiff has added some factual allegations and changed the wording and order of other factual allegations, the Court will, with one exception, permit plaintiff's Proposed Final Amended Complaint to stand as is.

AO 72A
(Rev.8/82)

Under FED. R. CIV. P. 15(a), leave shall be freely granted by the court, in the absence of any evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility. FED. R. CIV. P. 15(a). Here, there is some question as to whether plaintiff has acted in bad faith by attempting to assert a claim for intentional infliction of emotional distress when the Court explicitly informed plaintiff that such a claim could not be included in his Amended Complaint. ("September 22, 2006 Order" at 17.) See Garfield v. NDC Health Corp., No. 05-14765, 2006 WL 2883238 at *12 (11th Cir. Oct. 12, 2006) (internal citation and quotation omitted) (granting of leave to amend complaint may be conditioned in order to avoid prejudice to opposing party.) The Court will not allow defendant to circumvent the Court's order by attempting to add a claim for intentional infliction of emotional distress, and, thus, directs that the reference to "emotional damages" in Paragraph thirty-four of the Proposed Final Amended Complaint be stricken. However, for the reasons set out below, the Court finds defendant's other objections regarding minor word changes and additional factual allegations to plaintiff's Proposed Final Amended Complaint unavailing.

Though defendant compared plaintiff's Final Proposed Amended Complaint to plaintiff's First Amended Complaint to determine if the

wording in plaintiff's Proposed Final Amended Complaint matched the wording in his First Amended Complaint exactly, the Court did not require plaintiff to file a Final Amended Complaint that was identical to plaintiff's First Amended Complaint. In fact, the Court granted plaintiff's request to amend his prayer for relief to increase his damages and to add a prayer for relief as set forth in Plaintiff's Second Amended Complaint. ("September 22, 2006" Order [80] at 18.) Though the Court denied plaintiff's request to amend his Complaint by adding a claim for intentional infliction of emotional distress and abusive litigation, the Court did not direct that plaintiff strike any of the wording not pertaining to these allegations. (*Id.* at 17-18.) Furthermore, defendant was privy to the wording contained in plaintiff's Second Proposed Amended Complaint, and did not object to the wording at that time. Thus, to the extent that plaintiff adhered to the September 22, 2006 Order, merely followed the language of the Second Amended Complaint and/or added factual allegations, which do not materially change plaintiff's allegations or prejudice defendant, the Court sees no reason for objection. With this in mind, the Court will examine some of defendant's more specific contentions.

Despite defendant's attempt to convince the Court otherwise, plaintiff's Proposed Final Complaint does not depart in any material way from plaintiff's previously filed Proposed Amended Complaints. For instance, defendant argues that plaintiff improperly added

AO 72A
(Rev.8/82)

allegations that "Defendant regularly conducts business in this Court's jurisdiction," and that "Defendant is within this Court's jurisdiction, based upon both general and specific jurisdiction" in the jurisdictional section of plaintiff's Proposed Final Amendment. ("Proposed Final Am. Compl." [81-2] at ¶¶ 3-4.) Though this may constitute a slight departure from the jurisdictional section in plaintiff's previously filed proposed Amended Complaints, the Court does not find that such an addition causes any undue prejudice to defendant. In addition, the Court holds that this minor change falls within the ambit of the Court's September 22, 2006 Order. Defendant also argues that plaintiff's Proposed Final Amended Complaint characterizes defendant as a "wholesale/retail flea market" (Proposed Final Am. Compl. at ¶ 5), where plaintiff's Proposed Amended Complaint had not done so before. Again, the Court does not see how this addition prejudices plaintiff or how such an addition falls outside of the Court's Order.

Likewise, defendant objects to the addition by plaintiff of certain factual allegations in his background section. For instance, plaintiff added the following paragraph, "At Wholesale Alley, vendors lease booths for the purpose of selling to the general public, as well as to other business entities. The general public is allowed to visit Wholesale Alley, by way of purchasing daily passes. Member-Customers are customers who purchase a yearly pass at Wholesale Alley."

7

(Proposed Final Am. Compl. at ¶ 6.)  Plaintiff also originally asserted that "Wholesale Alley is open for business on Mondays and Tuesdays" ("Proposed Second Am. Compl." [38-2] at ¶ 3) and now asserts that "Wholesale Alley is open on Mondays and Tuesday only, and its general hours of operation are Mondays from 7:30 a.m. until 6:00 p.m. and Tuesdays from 7:30 a.m. until 1:00 p.m." (Proposed Final Am. Compl. at ¶ 8.)  Again, the Court fails to see how the addition of this language in plaintiff's complaint prejudices defendant in any manner.  Merely adding specific facts, which do not add new claims or alter the substance of the complaint, does not run afoul of the parameters of the Court's September 22, 2006 Order.

Defendant also objects to changes and additions plaintiff made to his claim for "Violation of Americans with Disabilities Act of 1990."  (Opp'n to Final Motion for Leave [84-1] at 6-7.)  In his Proposed Amended Final Complaint, plaintiff added the following allegations, "vendors are allowed to park their respective vehicles near their booths so that they may have access to their booths, as well as their vehicles throughout the day" and "Plaintiff has always parked his van in front of his booth - just as most other vendors." (Proposed Final Am. Compl. at ¶¶ 13--14.)  Defendant also objects to alleged minor word changes made by defendant such as changing the wording from defendant's purported "requesting" to "ordering" plaintiff to move his vehicle.  (Opp'n to Final Motion for Leave [84-

AO 72A
(Rev.8/82)

1] at 7.) However, a comparison between plaintiff's Proposed Second Amended Complaint and Proposed Final Amended Complaint indicates that plaintiff had asserted in his Second Amended Complaint that "Defendant began ordering" plaintiff to move his vehicle (Proposed Second Am. Compl. at ¶ 20; Proposed Final Am. Compl. at ¶ 15.) Similarly, defendant argues that plaintiff changed the wording from "Plaintiff's reasoning" for parking his vehicle in front of his booth to "Plaintiff's accommodation request to do so." (Opp'n to Final Motion for Leave [81-2] at 7; Proposed Final Amended Complaint at ¶ 20.) However, in plaintiff's Second Amended Complaint, plaintiff stated, "Plaintiff requested accommodation did not subject Defendant to any additional expenses or any undue hardship." (Proposed Second Am. Compl. at ¶ 24.) Thus, plaintiff already asserted the language complained of by defendant. The changes defendant objects to in plaintiff's claim under the Americans with Disabilities Act are either non-existent, because they were previously asserted in plaintiff's Proposed Second Amended Complaint, or appropriately fall within the scope of the Court's September 22, 2006 Order.

Defendant also objects to alleged changes to the factual allegations pertaining to plaintiff's race discrimination claim pursuant to Title II of the Civil Rights Act of 1964. Defendant objects to the addition of the allegation that defendant's "rental" rules "were initiated solely for the purpose of denying plaintiff the

AO 72A
(Rev.8/82)

full benefits and enjoyment of Wholesale Alley, a place of public accommodation." (Proposed Final Am. Compl. at ¶ 32). Defendant also objects to the addition of the allegation that "[g]enerally speaking, all other vendors of different races were treated better than Plaintiff was treated." (Proposed Final Am. Compl. at ¶ 34.) Defendant fails to note that plaintiff had previously asserted that "The Defendant violated the Civil Rights Act of 1964 by implementing and enforcing rules that discriminated against Plaintiff because of his race." (Proposed Second Am. Compl. at ¶ 44.) The Court finds that plaintiff's more specific factual allegations merely flesh out and add detail to this previously asserted claim. Defendant did not object to this wording at any earlier stage of the litigation, nor does this wording contradict the Court's order. The Court, therefore, finds that plaintiff did not violate the Court's September 22, 2006 Order by adding this more specific factual allegation.

Finally, in plaintiff's Final Proposed Amended Complaint, plaintiff added statutory references to his claim for negligence. The Court does not find the addition of such statutory references to exceed the scope of the Court's parameters as set forth in its September 22, 2006 Order, nor does it find the addition of such references to be prejudicial to plaintiff.

Defendant's one valid objection pertains to plaintiff's addition of the words "emotional damages" in connection with his claim for race

discrimination pursuant to Title II of the Civil Rights Act of 1964. Plaintiff added the allegation that he "suffered financial and emotional damages due to the actions of Defendant." (Proposed Final Am. Compl. at ¶ 34.) To the extent that plaintiff is attempting to circumvent the Court's September 22, 2006 Order in which it prohibited plaintiff from amending his Complaint to include a claim for intentional infliction of emotional distress, the Court directs that the plaintiff remove the reference to "emotional damages" in plaintiff's Proposed Final Amended Complaint. Other than this change, plaintiff may file his Complaint as asserted in his Proposed Final Amended Complaint.

Though this Court is granting plaintiff leave to file his Proposed Final Amended Complaint without the reference to "emotional damages" in Paragraph 34, the Court wishes to make it abundantly clear that plaintiff shall not attempt to ignore or circumvent orders issued by this Court. The Court agrees with defendant that plaintiff's use of the phrase "emotional damages" in plaintiff's Complaint appears to be an attempt to sneakily avoid the Court's September 22, 2006 Order denying plaintiff's request to add a claim for intentional infliction of emotional distress. Moreover, plaintiff is directed <u>not to change a word</u> of plaintiff's Proposed Final Amended Complaint, other than deleting the emotional damages reference, when plaintiff files his Final Amended Complaint.

11

Likewise, it appears that plaintiff's wife, Willa Jenkins, attempted to aid plaintiff by appearing on defendant's premises and videotaping and measuring plaintiff's former booth. ("Decl. of Louis Taylor" [84-2].) In an Order previously issued by the Court, the Court denied plaintiff's Motion for Entry Upon Land and for Inspection. (September 22, 2006 Order [80] at 20-21.) Though Mrs. Jenkins' actions were not expressly prohibited by the Court--she, like any member of the public, can enter Wholesale Alley if she buys a ticket for entrance--the Court did prohibit plaintiff from entering defendant's premises for the purposes of inspection. (*Id.*) The Court does not look favorably upon these actions and warns that it will fashion an appropriate sanction, if plaintiff fails to follow any future orders issued by this Court or otherwise engages in bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991) (federal courts have inherent power to manage their own proceedings and to control the conduct of individuals appearing before them); *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1446-47 (11th Cir. 1985) (federal courts have the power by statute, rule and common law to impose sanctions on parties litigant); *Malautea v. Suzuki Corp.*, 148 F.R.D. 362, 370 (S.D. Ga. 1991) (court has inherent power to sanction attorneys and litigants in order to manage the court's affairs). Though plaintiff is a *pro se* litigant, this status does not permit

plaintiff to disregard Court orders. Any further attempt by plaintiff to circumvent the Court's orders will result in sanctions.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** plaintiff's Final Motion for Leave to Amend Complaint [81-1]. Plaintiff may file his Proposed Final Amended Complaint as attached to his Final Motion for Leave to Amend Complaint, but must strike the reference to "emotional damages" in Paragraph Thirty-four.

SO ORDERED, this 22 day of November, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)